NEIL H. BOYLE and PATRICK GARTLAN, complainants-respondents,

*v.*

MAX SATTLER and ANNA FENCHEL et al., defendants-appellants.

[Decided May 19th, 1924.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who delivered the following opinion orally:

"There should be a decree for complainants that defendants specifically perform the contract.

"From the testimony I doubt that the defendants were at Mr. Ryan's office February 3d, 1922, prepared to carry out the terms of the contract. It would appear, too, that the defendants doubted their ability to prove the complainants were in default on that occasion, because after this suit was brought, the defendants served notice on the complainants that they would be ready to deliver a deed to complainants May 26th, 1922, and they fixed the hour and place for the purpose. The testimony of the complainants is that they were present at the time and place designated, ready to carry out the contract, and that the defendants did not appear, and the defendants admit that they did not attend at the time and place named by them and tender a deed or offer to straighten out whatever objection to title there might be. Following that occasion, another date was fixed by notice served by the complainants on the defendants to the effect that complainants would be ready to accept a deed November 24th, 1922. That notice was given because in the answer filed by the defendants herein, the defendants stated that they were ready and willing at all times, and were still ready and willing to perform the con-

tract. The complainants were present, ready and willing to close title November 24th, 1922, though their counsel, Mr. Feinberg, who at that time was the attorney representing the defendant, testified that he did not attend at the time and place fixed by the notice, and that neither did the defendants, and he gives as his reason for not being present and for not having his clients there, that Mr. Ryan had said that an adjustment would be required of some matters connected with the transaction before the complainants would take title. This Mr. Ryan denies, and even had he made such a statement the complainants had made no reservation in their notice by which they said they would be ready to complete the contract, and it was therefore the duty of the defendants, who by their answer had expressed their willingness to close title, to attend at the time and place appointed, tender their deed and ascertain whether the complainants were really willing to accept it or not. I feel that the case shows that the defendants were in default under their contract, and that the decree should be for the complainants.

"I will allow complainants their costs of suit, but no counsel fee."

*Mr. Aaron A. Melniker,* for the appellants.

*Mr. Eugene T. Sharkey,* for the respondents.

PER CURIAM.

The decree will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Fielder in the court of chancery.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMP-BELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON —13.

*For reversal*—CLARK, KAYS—2.